People v Lappe (2019 NY Slip Op 01232)





People v Lappe


2019 NY Slip Op 01232


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2015-11724
 (Ind. No. 5002/14)

[*1]The People of the State of New York, respondent,
v
Kimberly Lappe, appellant.


Mark Diamond, New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and Matthew B. Keller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (John B. Collins, J.), rendered October 28, 2015, convicting her of falsifying business records in the first degree (two counts), endangering the welfare of an incompetent or physically disabled person in the first degree, and wilful violation of the Public Health Law (two counts), upon a jury verdict, and sentencing her to a term of incarceration of 6 months and a period of probation of 5 years on each conviction of falsifying business records in the first degree, a term of incarceration of 9 months on the conviction of endangering the welfare of an incompetent or physically disabled person in the first degree, and terms of incarceration of 9 months and 30 days on the convictions of wilful violation of the Public Health Law for neglect and failure to report, respectively, all sentences to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by deleting the periods of probation of 5 years from the sentences imposed on the convictions of falsifying business records in the first degree, (2) by reducing the terms of incarceration of 6 months imposed on the convictions of falsifying business records in the first degree to terms of incarceration of 3 months, and (3) by reducing the terms of incarceration of 9 months imposed on the convictions of endangering the welfare of an incompetent or physically disabled person in the first degree and wilful violation of the Public Health Law for neglect to terms of incarceration of 3 months; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50(5).
In the early morning hours of October 26, 2012, one of the residents at the Medford Multicare Center for Living, a nursing home, died. The prosecution presented evidence at a jury trial that the defendant, along with other staff members, including her codefendants, ignored approximately two hours of visual and audible alarms signaling that the resident was in respiratory distress after another codefendant, a respiratory therapist at the nursing home, failed to follow a physician's order to place the resident on a ventilator while the resident was in bed. After trial, the defendant was convicted of two counts of falsifying business records in the first degree in connection with the investigations of the resident's death, endangering the welfare of an incompetent or physically disabled person in the first degree, and two counts of wilful violation of the Public Health [*2]Law for neglect and failure to report.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of two counts of falsifying business records in the first degree, endangering the welfare of an incompetent or physically disabled person in the first degree, and two counts of wilful violation of the Public Health Law (see Penal Law §§ 175.10, 260.25; Public Health Law §§ 2803-d[1], [3], [7]; 12-b[2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Under the circumstances, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are either without merit or need not be reached in light of our determination.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court